## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 14-cv-01817-RM-KLM

CATHERINE BURNS;
SHEILA SCHROEDER;
MARK THRUN;
GEOFFREY BATEMAN;
RACHEL CATT;
CASSIE RUBALD;
BREANNA ALEXANDER;
STACY PARRISH;
ANGELA CRANMORE;
JULIANNE DELOY;
KAREN COLLIER; and
DENISE LORD;

     Plaintiffs,

v.

JOHN W. HICKENLOOPER, JR., in his official capacity as Governor of Colorado;
JOHN SUTHERS, in his official capacity as Attorney General of Colorado; and
PAM ANDERSON, in her official capacity as Clerk and Recorder for Jefferson County,

     Defendants.

---

## ORDER

---

Plaintiffs are six same-sex couples who have been legally married in another state but whose marriage Colorado does not legally recognize or who have been refused a Colorado marriage license, solely because they are same-sex couples. Two issues are before the Court: (1) whether a preliminary injunction should be entered enjoining Defendants from enforcing Article II, Section 31 of the Colorado Constitution and C.R.S. §§ 14-2-104(1)(b) and 14-2-104(2) (collectively, "Challenged Laws"), laws which declare that only a union between one man and

one woman may be recognized as a marriage in Colorado; and (2) if a preliminary injunction is ordered, whether such order and this entire proceeding should thereafter be stayed until such time as *Kitchen v. Herbert*, No. 13-4178, __ F.3d __, 2014 WL 2868044 (10th Cir. June 25, 2014) becomes final. In *Kitchen*, the Tenth Circuit found that Utah's ban against same-sex marriage, which is similar to the Challenged Laws, violated the Due Process and Equal Protection Clauses of the United States Constitution. The mandate in *Kitchen* has been stayed by the Tenth Circuit pending the disposition of any petition for writ of certiorari. Upon consideration of all relevant matters, including argument of counsel, and for the reasons stated herein, the Plaintiffs' Motion for Preliminary Injunction is GRANTED; the Defendants' Motion to Stay the preliminary injunction until resolution of *Kitchen* is DENIED, but instead only a temporary stay is GRANTED; and the Defendants' Motion to Stay further proceedings in this matter, apart from the preliminary injunction, is GRANTED.

## I. PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs' civil rights action for declaratory and injunctive relief seeks to declare the Challenged Laws banning same-sex marriage as unconstitutional under the United States Constitution, and to enjoin the Defendants from enforcing those laws. Plaintiffs' two claims for relief under 42 U.S.C. § 1983 allege violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. Plaintiffs have filed a Motion for Preliminary Injunction (ECF No. 8) supported by affidavits. Defendants have filed a "non-opposition" (ECF No. 16), revealing a far from unified front. Defendant Attorney General believes *Kitchen* is incorrect while Defendant Governor believes *Kitchen* was correctly decided. Defendant Anderson takes no position on this issue. Nevertheless, Defendants collectively do

not oppose entry of a preliminary injunction, but also ask that the injunction, as well as further proceedings in this matter, be stayed. Relying primarily on the *Kitchen* decision, Plaintiffs argue they have established the requisite elements for the issuance of a preliminary injunction against Defendants. Based on its independent analysis, the Court agrees.

Before a preliminary injunction may be issued, the moving party must establish: "(1) a substantial likelihood of success on the merits; (2) irreparable injury will result if the injunction does not issue; (3) the threatened injury to the movant outweighs any damage the injunction may cause the opposing party; and (4) issuance of the injunction would not be adverse to the public interest." *Northern Natural Gas Co. v. L.D. Drilling, Inc.*, 697 F.3d 1259, 1266 (10th Cir. 2012) (internal quotation marks omitted). "Generally, where the three latter factors weigh in favor of the movant, the probability of success factor is relaxed." *Id.* (internal alterations and quotation marks omitted). That is not the case, however, where the requested injunction is one of three disfavored types of preliminary injunctions, *i.e.*, those that alter the status quo, "mandatory" preliminary injunctions, and those granting the moving party all the relief it could achieve at trial. *See id.*; *Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 n.1 (10th Cir. 2010). With disfavored injunctions, the movant must satisfy a heightened standard and make a "strong showing" as to the likelihood of success on the merits and that the balance of harm favors issuing the requested injunction. *See Northern Natural Gas Co.*, 697 F.3d at 1266; *ClearOne Commc'ns, Inc.*, 618 F.3d at 1117 n.1.

In this case, Plaintiffs rely on the traditional four requirements for granting injunctive relief. Although the Court finds Plaintiffs seek a disfavored injunction and, therefore, a heightened standard applies, it nonetheless concludes such standard is satisfied. First, Plaintiffs

have made a strong showing of a substantial likelihood of success on the merits of their claims. In *Kitchen*, the Tenth Circuit held that Utah's same-sex marriage bans do not withstand constitutional scrutiny as "under the Due Process and Equal Protection Clauses of the United States Constitution, those who wish to marry a person of the same sex are entitled to exercise the same fundamental right as is recognized for persons who wish to marry a person of the opposite sex." *Kitchen,* 2014 WL 2868044, at *32. Subsequently, the Tenth Circuit decided *Bishop v. Smith*, Nos. 14-5003 & 14-5006, __ F.3d __, 2014 WL 3537847 (10th Cir. July 18, 2014), which reaffirmed that "[s]tate bans on the licensing of same-sex marriage significantly burden the fundamental right to marry." *Id.* at *6. The Court agrees with the analysis in *Kitchen* and *Bishop* that marriage is a fundamental right and that the Challenged Laws impermissibly infringe upon that right. The Court therefore concludes that Plaintiffs will likely succeed in establishing that Colorado's ban impermissibly violates Plaintiffs' constitutional rights. Accordingly, this factor favors granting an injunction.

Next, Plaintiffs have also shown that substantial irreparable injury will result if the injunction does not issue. Where the harm is "great" or "substantial," the deprivation of constitutional rights, for even minimal periods of time, constitutes irreparable harm. *See Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1146 (10th Cir. 2013) ("establishing a likely [Religious Freedom Restoration Act] violation satisfies the irreparable harm factor"), *aff'd on other grounds*, 573 U.S. __, 2014 WL 2921709 (2014); *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1190 (10th Cir. 2003) ("[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); 11A Charles Alan Wright *et al.*, Federal Practice & Procedure § 2948.1 (3d ed.

2014) (where alleged deprivation of constitutional right is involved, "most courts hold that no further showing of irreparable injury is necessary"). Here, Plaintiffs' establishment of a violation of their constitutional rights – their fundamental right to marry and to have their marriages recognized – satisfies the irreparable harm factor.[1] *See Hobby Lobby*, 723 F.3d at 1146.

Third, the threatened injury to Plaintiffs by the enforcement of Colorado laws which are unconstitutional outweighs any damage the injunction may cause to Defendants. Due to Defendants' non-opposition to the granting of an injunction, they did not address in that context how this or any other factor favored them. Nonetheless, in arguing for a stay of the injunction, Defendants contend that enjoining a state law as unconstitutional creates irreparable injury. But here, the Court is enjoining state laws without opposition from Defendants, which laws the Court has further found to be clearly unconstitutional. Thus, the equities tip strongly in favor of Plaintiffs.

Finally, the issuance of the injunction would not be adverse to the public interest as "'it is always in the public interest to prevent the violation of a party's constitutional rights.'" *Hobby Lobby*, 723 F.3d at 1147 (quoting *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012)). Accordingly, this factor also favors Plaintiffs.

In summary, even under the heightened standard, Plaintiffs have shown that all the preliminary injunction factors tip in their favor and that an injunction should be entered.

---

[1] Plaintiffs also rely on financial injury, *e.g.*, money to address estate planning issues that would not have been required if they were considered married, but such economic loss, without more, does not constitute irreparable harm. *See Heideman*, 348 F.3d at 1189.

## II.  DEFENDANTS' MOTION TO STAY

Defendants' Motion to Stay raises the issue of whether this Court should stay not only this Order, but also this entire proceeding and await a determination of whether this case may be affected – not by an appeal of *this* Order in *this* case but by an appeal of another order in another case, *i.e.*, the *Kitchen* case.  This issue is far from simple.

A stay is not a matter of right, but rather an exercise of judicial discretion, the propriety of which is dependent upon the circumstances of the particular case.  *See Nken v. Holder*, 556 U.S. 418, 433 (2009).  The party requesting the stay of an injunction bears the burden of showing that the circumstances justify the exercise of that discretion.  *Id.* at 433-434.  The Tenth Circuit, indeed the Supreme Court as well, has directed courts to apply certain accepted standards in deciding whether to issue a stay.  *See Planned Parenthood of Greater Texas Surgical Health Servs. v. Abbott,* 134 S. Ct. 506, 506, 187 L.Ed.2d 465 (2013); *FTC v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003).  Those factors are: (1) the likelihood of success on the merits; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) the risk of harm to the public interest.  *See Planned Parenthood*, 134 S. Ct. at 506; *FTC,* 345 F.3d at 852.  "The first two factors are the most critical."  *Planned Parenthood*, 134 S. Ct. at 506 (internal quotation marks omitted).

In this case, in terms of a stay of the preliminary injunction, Defendants have not met their burden.  As previously discussed, on the state of the record currently before the Court, it is *Plaintiffs* who have shown a likelihood of success on the merits; it is *Plaintiffs* who suffer irreparable harm if Colorado's unconstitutional same-sex marriage ban is not enjoined; and it is *Plaintiffs* to whom the balance of harm and the public interest favor.  Additionally, in light of

6

Defendants' express non-opposition to the entry of the injunction, Defendants cannot reasonably contend that this Court abused its discretion in granting the preliminary injunction and, concomitantly, no stay. *See Aid for Women v. Foulston*, 441 F.3d 1101, 1115 (10th Cir. 2006) (appellate court reviews grant of preliminary injunction for abuse of discretion).[2]

For these reasons, the posture of this case differs from many other cases being litigated in the federal court system where stays have issued. While the Court acknowledges that Defendants may file a protective appeal in this matter, Defendants cannot meet the burden required for a stay pending such appeal under the applicable standard. Defendants have elected to adopt a practical approach before this Court in recognizing the significance of *Kitchen*, but one consequence of that approach and the "non-opposition" to the requested injunction is that Defendants have not met their burden with respect to a stay pending appeal under the traditional rules. The factors used to assess whether an injunction should enter are largely the same as those used to determine whether a stay should enter. Having elected largely to stand silent with respect to such factors in the context of the injunction, Defendants have not put before this Court sufficient support for the factors determining entitlement to a stay of the injunction. Rather than take issue with this, Defendant Attorney General argues that:

> with same sex-marriage litigation, federal courts have largely skipped a methodical assessment of those four factors in favor of entering a stay due to the "unsettled" nature of the constitutional questions regarding same-sex marriage and the "confusion, potential inequity, and high costs" that would likely result if the decision granting injunctive relief were reversed on appeal.

(Attorney General's Reply, ECF No. 41, pages 6-7.)

---

[2] As to Defendants Governor and Anderson, it is unclear whether any argument by them that such factors are satisfied would withstand inquiry where Defendant Governor has affirmatively stated that *Kitchen* was correctly decided and Defendant Anderson took no position on the merits of the underlying legal issue in this case.

The Court agrees that in same-sex marriage cases the federal courts appear to have often put aside the accepted standards they have been repeatedly directed to apply or, as the case may be, directed the lower federal courts to apply. The Court concludes, however, that the basis on which this is being done is much simpler than the nuanced considerations being proffered by Defendant Attorney General. It is being done largely because federal courts have interpreted Supreme Court actions as implied directives to issue stays in these matters. As the concurrence in the Ninth Circuit's Order granting a stay stated:

> On January 6, 2014, the Supreme Court granted the State's application for a stay pending the disposition of the appeal in the Tenth Circuit. *Herbert v. Kitchen*, 134 S. Ct. 893 (2014). Although the Supreme Court's terse two-sentence order did not offer a statement of reasons, I cannot identify any relevant differences between the situation before us today and *Herbert*. And, although the Supreme Court's order in *Herbert* is not in the strictest sense precedential, it provides a clear message – the Court (without noted dissent) decided that district court injunctions against the application of laws forbidding same-sex unions should be stayed at the request of state authorities pending court of appeals review.

*Latta v. Otter*, No. 14-35420, Order, at 3 (9th Cir. May 20, 2014) (Hurwitz, J., concurring). *See also DeBoer v. Snyder*, No. 14-1341, Order, at 1 (6th Cir. March 25, 2014) ("In light of the Supreme Court's issuance of a stay in a similar case, *Herbert v. Kitchen*, 134 S. Ct. 893 (2014), a stay of the district court's order is warranted."); *Bostic v. Rainey,* 970 F.Supp.2d 456, 484 (E.D. Va. 2014) (same); *DeLeon v. Perry*, 975 F.Supp.2d 632, 666 (W.D. Tex. 2014) (same).

Plaintiffs challenge the notion of any directive from the Supreme Court by noting instances in which requests to the Supreme Court for stays have been denied. In that regard, Plaintiffs rely on *National Organization for Marriage v. Geiger*, 134 S. Ct. 2722 (U.S. June 4, 2014) and *Gaffney v. Whitewood*, No. 14-3048 (U.S. July 7, 2014).

Plaintiffs' reliance, however, is misplaced because in each case, the applicant requesting the stay was a proposed intervenor who sought to appeal the district court's order declaring the state's same-sex marriage laws as unconstitutional. In short, they were outsiders to the litigation.

There is at least one aspect of this case which differs from other same-sex marriage cases being litigated elsewhere in the federal system which has not been emphasized by the parties. Here, the applicable appellate court has already spoken – more than once. *Kitchen, supra*; *Bishop v. Smith*, *supra*. Thus, it is conceivable that any perceived "directive" from the Supreme Court to let appellate courts consider this issue does not apply here.

The Court has given strong consideration to this difference. The proverbial wild card in the analysis is the recent stay entered by the Supreme Court in *Herbert v. Evans*, No. 14A65, 2014 WL 3557112 (U.S. July 18, 2014). *Evans* involved a preliminary injunction issued by the district court to require Utah to recognize same-sex marriages resulting from licenses issued in the "gap" between the time that an injunction issued in *Kitchen* and the Supreme Court issued a stay. The *Evans* defendants requested a stay which the Tenth Circuit denied after analyzing the request under the accepted standards and concluding that defendants failed to meet their burden of showing a stay should be issued. *Evans v. State of Utah,* No. 14-4060 (10th Cir. July 11, 2014). Notwithstanding this denial, and the fact that the Tenth Circuit has already spoken in *Kitchen*, on July 18, 2014, the Supreme Court still issued a stay "pending final disposition of the appeal by the United States Court of Appeals for the Tenth Circuit." *Herbert v. Evans*, No. 14A65,

2014 WL 3557112 (July 18, 2014). But, making extraction of the meaning of the stay in *Evans* more difficult, *Evans* is a "companion" case to *Kitchen*, both addressing the application of Utah's same-sex marriage laws.

Based on the most recent stay, it appears to the Court that it may well be that a message is being sent by the Supreme Court. But this Court is not some modern day haruspex skilled in the art of divination. This Court cannot – and, more importantly, it will not – tell the people of Colorado that the access to this or any other fundamental right will be delayed because it "thinks" or "perceives" the subtle – or not so subtle – content of a message not directed to this case. The rule of law demands more.

The rules which this Court is to apply in deciding this matter are set forth in Rule 62, Fed.R.Civ.P., and the standards described earlier. As already explained above, Defendants are not entitled to a stay order under the applicable rules. This is where this Court's analysis must end.

The Court recognizes that the Tenth Circuit or the Supreme Court may choose to issue a stay in this matter. And this Court will not foreclose Defendants from having a fair opportunity to seek such stay. Accordingly, as it pertains to the preliminary injunction, this Court will temporarily stay the preliminary injunction order until 8:00 a.m. on August 25, 2014, to permit Defendants time to seek a stay of the injunction from a higher court.

As to a stay of further proceedings, apart from the preliminary injunction, the Court exercises its discretion to stay such proceedings in this matter. *See Ryan v. Gonzales*, 133 S. Ct. 696, 707-708, 183 L.Ed.2d 528 (2013); *United Steelworkers of America v. Oregon Steel Mills,*

*Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). *Kitchen* will ultimately decide this matter – by the denial of certiorari and issuance of the mandate from the Tenth Circuit or by Supreme Court ruling. Indeed, Defendant Attorney General orally conceded at the July 22, 2014 hearing that if the *Kitchen* decision is upheld or becomes final, the Challenged Laws are unconstitutional. And a final merits determination here based on *Kitchen* will only trail *Kitchen* in the appellate courts. Little would thus be served by requiring the parties to incur the costs and expenses of litigating to final proceedings in this case while trailing *Kitchen*.[3]

### III. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiffs' Motion for Preliminary Injunction (ECF No. 8) is GRANTED and Defendants are hereby ENJOINED from enforcing or applying Article II, Section 31 of the Colorado Constitution and C.R.S. §§ 14-2-104(1)(b) and 14-2-104(2) as a basis to deny marriage to same-sex couples or to deny recognition of otherwise valid same-sex marriages entered in other states; and

FURTHER ORDERED that Defendants' Motion to Stay Proceedings and Non-Opposition to Proposed Preliminary Injunction (ECF No. 16) is DENIED as to their request to stay the preliminary injunction but GRANTED as to a stay of all other proceedings in this case until three (3) days after the final mandate is issued in *Kitchen v. Herbert*, No. 13-4178, __ F.3d __, 2014 WL 2868044 (10th Cir. June 25, 2014), or further order of this Court; and

---

[3] Defendant Attorney General has suggested that this Court defer to earlier state litigation under the *Colorado River* doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). This Court declines to abstain from deciding, and thus to defer to the state, matters of federal constitutional law.

12

FURTHER ORDERED that the preliminary injunction is TEMPORARILY STAYED until 8:00 a.m. on Monday, August 25, 2014, to allow Defendants time to seek relief from the United States Court of Appeals for the Tenth Circuit or the Supreme Court.

DATED this 23rd day of July, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge