IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 14-cv-01817-RM-KLM

CATHERINE BURNS;
SHEILA SCHROEDER;
MARK THRUN;
GEOFFREY BATEMAN;
RACHEL CATT;
CASSIE RUBALD;
BREANNA ALEXANDER;
STACY PARRISH;
ANGELA CRANMORE;
JULIANNE DELOY;
KAREN COLLIER; and
DENISE LORD;

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, JR., in his official capacity as Governor of Colorado;
JOHN SUTHERS, in his official capacity as Attorney General of Colorado; and
PAM ANDERSON, in her official capacity as Clerk and Recorder for Jefferson County,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on "Defendants' Joint, <u>Unopposed</u> Motion to Make Preliminary Injunction Permanent" ("Joint Motion") (ECF No. 62), requesting that the preliminary injunction issued on July 23, 2014, be made permanent and a final judgment be entered under Fed. R. Civ. P. 54. Upon consideration of the Joint Motion, and being otherwise fully advised, Defendants' Joint Motion is GRANTED for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On July 1, 2014, Plaintiffs, same-sex couples, filed a Complaint for Declaratory and Injunctive Relief seeking to declare certain laws banning same-sex marriage as unconstitutional under the United States Constitution, and to enjoin Defendants from enforcing those laws. Plaintiffs also filed a Motion for Preliminary Injunction ("Motion") that same day. By Order ("Order") dated July 23, 2014, the Court granted Plaintiffs' Motion and enjoined Defendants from enforcing or applying Article II, Section 31 of the Colorado Constitution and C.R.S. §§ 14-2-104(1)(b) and 14-2-104(2) (collectively, the "Challenged Laws") as a basis to deny marriage to same-sex couples or to deny recognition of otherwise valid same-sex marriages entered in other states.

Defendant Attorney General appealed the Order and obtained from the United States Court of Appeals for the Tenth Circuit a stay ("Stay") of the Order pending final resolution of *Kitchen v. Herbert*, 755 F.3d 1193 (10th Cir. 2014) and *Bishop v. Smith*, 760 F.3d 1070 (10th Cir. 2014), cases which held that same-sex marriage bans do not withstand constitutional scrutiny. On October 6, 2014, the United States Supreme Court denied certiorari review of *Kitchen* and *Bishop*. Thereafter, upon motion filed by the parties, the Tenth Circuit dissolved the Stay, dismissed the appeal of the Order, and issued the mandate. Defendants' Joint Motion is now before the Court, which represents that the issuance of a permanent injunction will resolve all of Plaintiffs' claims for relief in this case.

## II. FINDINGS AND CONCLUSIONS OF LAW

"To obtain a permanent injunction, a plaintiff must show: '(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs

the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.'" *Kitchen*, 755 F.3d at 1208 (*quoting Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009)). By Defendants' unopposed Joint Motion, all parties agree that these four factors are met. In light of *Kitchen* and *Bishop*, and for the reasons stated in the Order, the Court agrees. The Court finds and concludes: (1) Colorado's Challenged Laws impermissibly violate Plaintiffs' fundamental right to marry under the Due Process and Equal Protection Clauses of the United States Constitution; (2) Plaintiffs suffered – and will continue to suffer – irreparable harm in the form of violations of their constitutional right unless the injunction is issued[1]; (3) the balance of equities tip strongly in favor of Plaintiffs as their actual and threatened injury outweigh any harm[2] that the injunction may cause Defendants; and (4) the public interest will not be adversely affected by the injunction because the preservation of constitutional rights serves everyone's interest.

### III. CONCLUSION

Based on the foregoing, all claims in this case have been resolved. It is therefore

**ORDERED** that Defendants' Joint, Unopposed Motion to Make Preliminary Injunction Permanent (ECF No. 62) is **GRANTED**. In accordance therewith, Defendants, their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, are **PERMANENTLY ENJOINED** from enforcing or applying Article II, Section 31 of the Colorado Constitution and C.R.S. §§ 14-2-104(1)(b) and 14-2-104(2) as a

---

[1] Notwithstanding the Defendant Attorney General's dismissal of the appeal of the Order and of pending appeals in similar proceedings, this injunction is necessary in order to permanently secure the protection of the constitutional right at issue.

[2] In light of Defendants' position, it appears they will suffer no harm.

basis to deny marriage to same-sex couples or to deny recognition of otherwise valid same-sex marriages entered in other states; and it is

**FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Plaintiffs and against Defendants John W. Hickenlooper, Jr., in his official capacity as Governor of Colorado; John Suthers, in his official capacity as Attorney General of Colorado; and Pam Anderson, in her official capacity as Clerk and Recorder for Jefferson County; and it is

**FURTHER ORDERED** that Plaintiffs are awarded costs and shall within 14 days of the date of this Order file a bill of costs, in accordance with the procedures under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, which shall be taxed by the Clerk of the Court.

DATED this 17th day of October, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge